UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LACEY,

        Plaintiff,                                  Case No. 17-10834

vs.                                                    HON. MARK A. GOLDSMITH

BEN CARSON,

        Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (Dkt. 52)

This matter is before the Court on Plaintiff Thomas Lacey's motion for reconsideration (Dkt. 52) of the Court's Opinion granting Defendants' motion for summary judgment (Dkt. 39). Lacey does not dispute the Court's decision with respect to his ADEA claims. Mot. ¶ 2. Lacey's motion focuses strictly on the Court's ruling on his retaliation claim under Title VII. Id. ¶¶ 2-3. For the reasons discussed below, Lacey's motion is denied.

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Lacey does not identify any defect in this Court's prior ruling. Lacey's retaliation claim failed at the prima facie case stage because he was unable to show that there was a causal

connection between his protected activity and any adverse action taken against him. Lacey v. Carson, No. 17-10834, 2019 WL 1170348, at *7 (E.D. Mich. Mar. 13, 2019). Lacey's motion for reconsideration sets forth seventy-five numbered paragraphs without ever identifying the palpable defect in the Court's opinion that would entitle him to the relief he seeks. In the first half of Lacey's motion, Lacey merely rehashes the same arguments that he made in his briefing on Defendants' motion for summary judgment. See Mot. ¶¶ 18-49. The second half of his motion is devoted to arguing that a jury could find that his years of negative performance reviews and eventual termination were pretext for some sort of discrimination. Id. ¶¶ 50-75. However, the Court did not discuss whether Defendants' actions were pretext for discrimination—the third step in the sequential McDonnell-Douglas burden-shifting framework—because the Court found that Lacey's claims failed at the first step of the McDonnell-Douglas framework, setting forth a prima facie case.

Because Lacey has merely presented the same issues already ruled upon by the Court and has not identified a palpable defect that misled the Court such that correcting the defect would have resulted in a different disposition of this case, E.D. Mich. LR 7.1(h)(3), Lacey's motion for reconsideration (Dkt. 52) is denied.

    SO ORDERED.

Dated: January 8, 2020                                  s/Mark A. Goldsmith
   Detroit, Michigan                          MARK A. GOLDSMITH
                                                           United States District Judge